# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JASON JONES,<br>    Petitioner, | Case No. 1:12-cv-170 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, TOLEDO<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Toledo Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 7). This matter is before the Court on respondent's motion to dismiss and petitioner's response in opposition, including his supplemental attachment. (Docs. 13, 15, 16).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On September 25, 2005, the Butler County, Ohio, grand jury returned an indictment charging petitioner with one count of possession of marijuana, one count of trafficking in marijuana, three counts of having a weapon while under disability, one count of permitting drug abuse and one count of engaging in a pattern of corrupt activity. (Doc. 13, Ex. 1). Through counsel, petitioner pled not guilty to the charges in the indictment.

On July 11, 2006, petitioner changed his plea and entered a guilty plea to all counts of the indictment. (*See* Doc. 13, Ex. 2). On August 11, 2006, petitioner was sentenced to an aggregate sentence of twenty years of imprisonment. (Doc. 13, Ex. 3).

On January 5, 2007, petitioner's appellate counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Doc. 13, Ex. 5). Counsel noted that he could not find any

arguable issue to support the appeal, but set forth the following assignments of error for petitioner:

1. Whether the trial court's decision was unreasonable, arbitrary or unconscionable;

2. Whether the trial court's decision was contrary to law;

3. Whether the trial court's decision was supported by clear and convincing evidence;

4. Whether the trial court complied with Ohio Crim. R. Proc. 11(C) in accepting Appellant's plea of guilty; and

5. Whether Appellant's constitutional rights to due process was protected by the effective representation of legal counsel.

*Id.* at 7. On February 6, 2007, petitioner filed a pro se motion to exclude or set aside the *Anders* brief. (Doc. 13, Ex. 8). The Ohio Court of Appeals denied petitioner's motion on February 16, 2007. (Doc. 13, Ex. 9). On April 9, 2007, the appellate court dismissed petitioner's appeal, finding the appeal to be "wholly frivolous." (Doc. 13, Ex. 10).

Petitioner did not appeal from the Ohio Court of Appeal's decision to the Ohio Supreme Court.

**Petition to Vacate or Set Aside Sentence**

Meanwhile, on September 29, 2006, petitioner filed a pro se petition to vacate or set aside his sentence, arguing that he was denied the effective assistance of counsel during his trial and that he "was subject[ed] to misconduct and intimidation by police and counsel." (Doc. 13, Ex. 11). On October 30, 2006, the Butler County, Ohio Court of Common Pleas overruled petitioner's motion. (Doc. 13, Ex. 12).

On December 4, 2006, petitioner filed a pro se motion for reasons and causes of law supporting the denial of his petition to vacate or set aside sentence. (Doc. 13, Ex. 13). Petitioner's motion was overruled by the trial court. (Doc. 13, Ex. 14).

2

On December 13, 2006, petitioner filed a pro se appeal to the Ohio Court of Appeals from the trial court's October 30, 2006 entry overruling his petition to vacate or set aside sentence. (Doc. 13, Ex. 16). On January 5, 2007, the Ohio Court of Appeals dismissed the appeal with prejudice, finding that it was not filed in a timely manner. (Doc. 13, Ex. 17). Petitioner filed an application for reconsideration pursuant to App. R. 26(A) on February 21, 2007. (Doc. 13, Ex. 18). On March 20, 2007, the Ohio appeals court denied the application as being untimely. (Doc. 13, Ex. 19). Petitioner did not seek further review from the Ohio Supreme Court.

### Second Petition to Vacate Sentence

On June 17, 2010, petitioner filed a pro se petition to vacate his sentence. (Doc. 13, Ex. 20). In his supporting memorandum, petitioner argued that his judgment entry did not correctly notify him of his post-release control mandates. *Id.* On August 26, 2010, the trial court issued a Judgment of Conviction Entry Nunc Pro Tunc. (Doc. 13, Ex. 21). The judgment sentenced petitioner to the same aggregate sentence of twenty years of imprisonment. *See id.* The sentencing entry also advised petitioner of his post-release control mandates.

On September 17, 2010, petitioner filed a timely notice of appeal from the August 26, 2010 resentencing to the Ohio Court of Appeals. (Doc. 13, Ex. 22). Petitioner's appellate counsel filed an *Anders* brief, setting forth the following assignments of error for petitioner:

1. Whether the court improperly re-sentenced appellant

2. Whether appellant received the ineffective assistance of counsel at trial or upon re-sentencing.

(Doc. 13, Ex. 23, p. 3). Petitioner filed a supplemental brief pro se. Therein, he raised the following three assignments of error:

1. The court abused it[]s discretion when it sentenced the defendant to post release control

3

> 2. The court abused it[]s discretion when it failed to conduct a motion to withdraw guilty plea hearing
>
> 3. The court abused it[]s discretion when it failed to advise defendant of his right[]s

(Doc. 13, Ex. 25). On May 9, 2011, the Ohio Court of Appeals dismissed petitioner's appeal. (Doc. 13, Ex. 27).

On June 7, 2011, petitioner filed an appeal from the Ohio Court of Appeal's dismissal of his appeal to the Ohio Supreme Court. (Doc. 13, Ex. 28). In his memorandum in support of jurisdiction, petitioner raised as propositions of law the same three assignments of error as he presented in his supplemental brief on appeal from his resentencing. (*See* Doc. 13, Ex. 25 & 29). On September 21, 2011, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 13, Ex. 31).

## Federal Habeas Corpus

On January 12, 2012, petitioner filed the instant federal habeas petition.[1]  (Doc. 7). Petitioner raises the following three grounds for relief:

> **GROUND ONE**: The Court abused its discretion when it sentenced the defendant to post release control only.
>
> Supporting Facts:  The court erred by not entirely resentencing defendant as if it was the very first time.
>
> **GROUND TWO**:  The Court abused its discretion when it failed to conduct a motion to withdraw guilty plea hearing.
>
> Supporting Facts:  The Court failed to give defendant a withdrawal of guilty plea hearing after defendant informed the court that he wanted to do so.
>
> **GROUND THREE:**  The Court abused its discretion when it failed to advise defendant of his rights.

---

[1] Petitioner avers that he placed his habeas petition in the prison mailing system on Jan 12, 2012. (Doc. 1, p. 5).

>Supporting Facts: The Court failed to advise defendant of all rights and pursuant to Crim. R. 32.

(Doc. 7).

Petitioner filed a second petition for habeas corpus, which was received by the Court on March 1, 2012. *See Jones v. Warden,* No. 1:12-cv-171 (Beckwith, J.; Bowman, M.J.). As his single ground for relief, petitioner claimed that he is entitled to trial transcripts at the state's expense. *Id.* Petitioner indicated that he required the trial transcripts "for his Withdraw of Guilty Plea motion under U.S.C. 2254," which the undersigned understood to be in reference to his second ground for relief raised in the habeas petition filed in the instant case. Because the cases involved common questions of law and fact, the cases were consolidated and the Court construed plaintiff's habeas petition filed in Case No. 1:12-cv-171 as a motion for trial transcripts in the instant case.

Respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). (Doc. 13). In the alternative, respondent contends petitioner's claims are not cognizable in federal habeas corpus or fail to state a federal constitutional claim.[2]

## II.     RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

As an initial matter, the Court is precluded from reviewing petitioner's grounds for relief to the extent that they are based on alleged violations of state law. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Estelle v.*

---

[2] Because the Court finds that petitioner has failed to raise cognizable federal claims, it declines to reach the issue of whether petitioner's petition is also time-barred.

5

*McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

In this case, petitioner's grounds for relief all allege that the trial court abused its discretion or erred in applying Ohio law. In Ground One, petitioner contends that the trial court abused its discretion when it did not provide him with a de novo resentencing at his August 26, 2010 sentencing hearing. According to petitioner, the trial court improperly confined the hearing to the post release matter only. He claims that pursuant to *State v. Singleton*, 920 N.E.2d 958 (Ohio 2009), he should have been resentenced as if for the very first time.

In *Singleton*, the Ohio Supreme Court held that "for criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, [a] trial court shall apply the procedures set forth in R.C. 2929.191." *Id.* at 174. Ohio Rev. Code § 2929.191, the *Singleton* court noted, enables a trial court to correct a sentence improperly imposing postrelease control by conducting a hearing and placing on the journal of the court a nunc pro tunc entry properly advising the offender of his postrelease control. *Id.* at 179. For those sentences imposed prior to July 11, 2006, the effective date of the statute, the court held that a de novo sentencing was required. *Id.*

During petitioner's resentencing hearing, the trial court determined that because petitioner was sentenced thirty days after the effective date of § 2929.191, that a de novo sentencing hearing was not required. (Doc. 15, Sentencing Trans pp. 6-7). Petitioner argues that because he entered a plea on July 11, 2006, that he should have been provided with a de novo sentencing hearing.

In Ground Two, petitioner claims that the trial court abused its discretion when it failed to conduct a motion to withdraw guilty plea hearing. Petitioner indicates that "[w]hile in court the

6

petitioner informed the court that he wanted to withdraw his Guilty Plea and that he needed his transcripts to make a proper evidentiary showing to proceed with the motion." (Doc. 7, p. 4). He claims that upon informing the trial court of his desire to withdraw his plea, the court was required to treat it as a presentence motion, pursuant to *State v. Boswell*, 906 N.E.2d 422 (Ohio 2009). *Id.*

In *Boswell*, a case decided prior to *Singleton*, the Ohio Supreme Court held "pursuant to Crim.R. 32.1, that a defendant's motion to withdraw a guilty plea following the imposition of a void sentence must be considered as a presentence motion and be freely and liberally granted." *Boswell*, 906 N.E.2d at 426. In that case, the trial court failed to sentence the defendant to mandatory post-release control. The defendant subsequently moved to vacate his guilty plea, arguing that the trial court failed to properly inform him of his mandatory term of post-release control. Reasoning that the court's recent line of cases held that sentences that fail to impose a mandatory term of postrelease control are void, the Ohio Supreme Court found that " [a] motion to withdraw a plea of guilty . . . made by a defendant who has been given a void sentence must therefore be considered as a presentence motion under Crim.R. 32.1." *Id.* at 424-26.

Finally, in Ground Three, petitioner claims the state trial court erred when it failed to advise him of his rights under Ohio Criminal Rule 32, including his right to appeal. (Doc. 7, p. 4-5). Petitioner argues that the trial court's nunc pro tunc incorrectly states that petitioner was advised of all of his rights pursuant to Criminal Rule 32. *Id.* at 4-5. On this basis, petitioner claims he should be granted a new resentencing hearing.

Accordingly, to the extent petitioner claims he is entitled to relief because the trial court committed error or otherwise abused its discretion under state law, he raises issues of state law only that are not cognizable in this federal habeas corpus proceeding. *See, e.g.*, *Xie v. Edwards*,

35 F.3d 567 (table), No. 93-4385, 1994 WL 462143 at *2 (6th Cir. Aug. 25, 1994) (finding that the district court properly found that the question whether a trial court abused its discretion in denying the petitioner's motion to withdraw his plea is a question governed by Ohio's statutes and case law that cannot support federal habeas relief absent a showing that the alleged error rendered the proceedings fundamentally unfair); *Kelley v. Brunsman*, 625 F. Supp.2d 586, 598 (S.D. Ohio June 9, 2009) ("To the extent petitioner argues his rights were violated when the trial court failed to advise him of his appeal rights pursuant to Ohio Crim. R. 32, this allegation of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding.").

In response to the return of writ, petitioner contends that "[a]ll of Petitioner's claims are Due Process violations of the United States Constitution." (Doc. 15, p. 4). However, petitioner has waived any claim of constitutional error because he failed to fairly present his constitutional claims to the state courts. "Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003)); *see also* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). Moreover, it is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *Fulcher,* 444 F.3d at 798; *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987).

8

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans,* 228 F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.* (citing *Franklin*, 811 F.2d at 326).

In this case, petitioner failed to present the claims in Grounds One through Three as constitutional issues in his appeal of his resentencing or on further appeal to the Ohio Supreme Court. (*See* Doc. 13, Ex. 25 & 29). Instead, petitioner argued that the alleged errors each amounted to error or an abuse of discretion under state law. *See id.* Petitioner did not rely on federal or state cases employing constitutional analysis,[3] nor can the Court conclude that petitioner phrased his claim in terms of constitutional law or alleged facts well within the mainstream of constitutional law.

Because petitioner failed to provide the state courts with an opportunity to correct the alleged violations of his constitutional rights, he procedurally defaulted and has waived the claims

---

[3] As he does in the instant petition, petitioner cited to *State v. Jordan*, 817 N.E.2d 864 (Ohio 2004) and *State v. Simpkins*, 884 N.E.2d 568 (Ohio 2008), in his state court briefs challenging his resentencing. (*See* Doc. 7; Doc. 13, Ex. 25 & 29). In *Jordan*, the Ohio Supreme Court held that when a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates notice into a journal entry, "it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." *Id.* at 872. In *Simpkins*, the court held "that in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." 884 N.E.2d at 572. Although the court in *Jordan* noted that the separation-of-powers doctrine was implicated where the Adult Parole Authority imposes postrelease control rather than the judiciary, *Jordan*, 817 N.E.2d at 870, and the *Simpkins* court also found that the appellant's constitutional due-process and double-jeopardy rights were not violated upon resentencing, *Simpkins*, 884 N.E.2d at 576-78, petitioner does not appear to have cited these cases for these propositions.

absent a showing of cause and prejudice for the default in the state courts, or that a fundamental miscarriage of justice will occur if the claim is not considered herein.  *See, e.g., Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262.   No such showing has been made in this case.   Therefore, petitioner's grounds for relief are waived and barred from review in this federal habeas proceeding.

  Accordingly, in sum, to the extent petitioner claims he is entitled to habeas relief because the trial court committed error or otherwise abused its discretion under state law, he raises issues of state law only that are not cognizable in this federal habeas corpus proceeding.   To the extent that petitioner has raised constitutional errors in his petition, he has waived these claims by failing to fairly present the constitutional errors to the state courts.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 13) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are not cognizable or waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.   See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the defaulted grounds for relief.   *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JASON JONES,
    Petitioner,

vs.

WARDEN, TOLEDO
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-170

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).