UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON JONES,

    Petitioner,

    v.

WARDEN, TOLEDO CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO.: 1:12-CV-170

Barrett, J.
Bowman, M.J.

### OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report") (Doc. 17).[1]  The Report recommends that Respondent's Motion to Dismiss (Doc. 13) be granted, that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be denied with prejudice, that Petitioner be denied a certificate of appealability, and that Petitioner be denied leave to appeal *in forma pauperis*. (Doc. 17, p. 11).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner.  *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).[2]  After being granted an extension of time, Petitioner timely filed his Objections to the Report.  (*See* Doc. 22).

**I.**    **BACKGROUND**

---

[1] All document citations are to the Court's docket entry numbers.

[2] Notice was attached to the Report regarding objections. (Doc. 17, p. 12).

1

The procedural background and the pertinent facts have been adequately summarized in the Report (*see* Doc. 17), and thus, will not be repeated here. Where necessary in addressing the objections, the Court will identify the facts relevant to its decision.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III.    ANALYSIS

The Court interprets Petitioner's pro se Objections to be the following: (1) he should, but did not receive, a *de novo* resentencing at the August 26, 2010 hearing under *State v. Singleton*, 920 N.E.2d 958 (Ohio 2009); (2) he should have been permitted by Ohio Criminal Rule 32.1 to request a Withdrawal of Guilty Plea at the August 26, 2010 hearing; (3) the state trial court erred when it failed to advise him of his rights under Ohio Criminal Rule 32, including his right to appeal; (4) all of his claims are for a violation of the Due Process Clause; and (5) the Magistrate Judge erred in denying his motion for transcripts as moot after issuing the Report. (*See* Doc. 22, pp. 1-4).

Petitioner's first objection relates to Ground One of his Petitioner. (Doc. 22, pp. 1-2). As to Ground One, the Magistrate Judge noted that Petitioner was claiming that under *Singleton*, 920 N.E.2d 958, he should have been resentenced as if for the very first time. (Doc. 17, p. 6). As the Magistrate Judge correctly recognized, the Ohio Supreme Court held in *Singleton* that "'for criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, [a] trial court[] shall apply the procedures set forth in [Ohio Revised Code] 2929.191[,]'" which enables a trial court to correct a sentence improperly imposing postrelease control by conducting a hearing and placing on the court's journal a nun pro tunc entry properly advising the offender of his postrelease control. (Doc. 17, p. 6) (citing *Singleton*, 920 N.E.2d at 174). The Magistrate Judge further recognized correctly that the Ohio Supreme Court also noted that sentences imposed prior to July 11, 2006, the effective date of the statute, required a de novo sentencing. (Doc. 17, p. 6) (citing *Singleton*, 920 N.E.2d at 174, 179). The Magistrate Judge then found that "to the extent Petitioner claims he is entitled to relief because the trial court committed error or otherwise abused its discretion under state law, he raises issues of state law only that are not cognizable in this federal habeas corpus proceeding." (Doc. 17, p. 7). Petitioner's objection does nothing to alter that conclusion. Instead, he merely re-cites the *Singleton* case that was addressed by the Magistrate Judge, stating in a conclusory manner that he should have received a *de novo* resentencing. (Doc. 22, p. 1). In light of the foregoing, the Court finds that the Magistrate Judge's conclusion was correct and Petitioner's Ground One is not cognizable in this habeas corpus proceeding to the extent it raises state law issues only. Petitioner's first objection is therefore overruled, and the Magistrate Judge's

conclusion in the Report is adopted. However, to the extent the objection is intended to allege a constitutional issue, it is addressed in objection four below.

Petitioner's second objection relates to Ground Two of his Petition. (*See* Doc. 17, pp. 6-7). As the Magistrate Judge noted, Petitioner's contention is that upon informing the trial court of his desire to withdraw his plea, the trial court was required to treat it as a presentence motion, pursuant to *State v. Bowsell*, 906 N.E.2d 422 (Ohio 2009). (Doc. 17, p. 7). In *Boswell*, decided before *Singleton*, the Ohio Supreme Court held "pursuant to Crim. R. 32.1, that a defendant's motion to withdraw a guilty plea following the imposition of a void sentence must be considered as a presentence motion and be freely and liberally granted." *Boswell*, 906 N.E.2d at 425. *Boswell* and Crim. R. 32.1 both raise issues of state law, and the Magistrate Judge concluded correctly that to the extent Plaintiff claims he is entitled to relief because the trial court erred or otherwise abused its discretion, he raises issues of state law only and has not stated a claim on this basis that is cognizable in this federal habeas corpus proceeding. (*See* Doc. 17, pp. 7-8). Petitioner's objection does nothing to alter that conclusion, as it merely restates his claim without any further argument or explanation. Thus, the Court overrules Petitioner's second objection and adopts the Magistrate Judge's conclusion in the Report. However, to the extent the objection is intended to allege a constitutional issue, it is addressed in objection four below.

Petitioner's third objection relates to Ground Three of his Petition. (Doc. 22, p. 4). As to Ground Three, the Magistrate Judge recognized Petitioner contends the trial court erred by failing to advise him of his rights under Ohio Criminal Rule 32, including his right to appeal. (Doc. 17, p. 7). The Magistrate Judge nevertheless again

concluded correctly that to the extent this issue is one of state law only, it is not cognizable in this federal habeas corpus proceeding. (*See* Doc. 17, pp. 7-8). Petitioner's objection again raises no new facts or issues of law, and instead, merely restates his contention that he should have been advised of his rights under Ohio Criminal Rule 32. (Doc. 22, p. 4). As such, the Court overrules Petitioner's third objections and adopts the conclusion reached by the Magistrate Judge in the Report. Again, to the extent the objection is intended to allege a constitutional issue, it is addressed in objection four below.

Objection four is Petitioner's assertion that all of his claims raise "violation[s] of constitutional due process law." (Doc. 22, p. 2). This objection mirrors the argument raised by Petitioner in his response to the return of writ. (*See* Doc. 15, p. 4) ("All of Petitioner's claims are Due Process violations of the United States Constitution."). When addressing that argument in the Report, the Magistrate Judge correctly outlined the requirements for raising constitutional claims in a habeas proceeding. (*See* Doc. 17, p. 8). Specifically, the Magistrate Judge stated:

> "Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir. 1985). Moreover, it is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *Fulcher*, 444 F.3d at 798; *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).

> A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans*, 228 F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.* (citing *Franklin,* 811 F.3d at 326).

(Doc. 17, pp. 8-9). The Magistrate Judge then concluded that Petitioner had failed to present the claims in Grounds One through Three as constitutional issues in his appeal of his resentencing or on further appeal to the Ohio Supreme Court. (Doc. 17, p. 9) (citing Doc. 13, Exs. 25, 29). As such, he procedurally defaulted and waived his claims, and he also made no showing of cause and prejudice for the default in the state courts, or that a fundamental miscarriage of justice will occur if the claim is not considered by this Court. (Doc. 17, p. 10) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989)).

Petitioner's objections do not address, nor can they be construed to address, the issue of fair presentation of Grounds One through Three of his petition as constitutional issues to the state court. (*See generally* Doc. 22). He makes no allegations or arguments that he has presented those three claims to the state's highest court or that suggests that he has articulated any facts and law to alert the state courts of the federal nature of those claims. (*See* Doc. 22, p. 2). Nor has Petitioner set forth any facts or argument that can be construed to allege cause or prejudice for the default in the state courts, or to show a fundamental miscarriage of justice will occur if those claims are not considered herein. (*See* Doc. 22, pp. 1-4). Accordingly, the Court finds the Magistrate Judge was correct in concluding that Petitioner's grounds for relief of alleged violations

of his constitutional Due Process rights in relation to Grounds One through Three raised in his Petition are waived and barred from review in this federal habeas corpus proceeding. (*See* Doc. 17, pp. 9-10). As such, the Court overrules Petitioner's fourth objection and adopts the conclusion reached by the Magistrate Judge in the Report.

As to Petitioner's fifth objection, it relates to the separate order issued by the Magistrate Judge following the issuance of her Report in which she denied as moot Petitioner's motion for transcripts and motion for appointment of counsel. (Doc. 18, p. 1).[3] Given that this Court is herein adopting the Report of Magistrate Judge in its entirety, the Court agrees with the Magistrate Judge that Petitioner's motion for transcripts and motion for appointment of counsel should be denied as moot. As such, Petitioner's fifth objection is overruled.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections (Doc. 22) and **ADOPTS** the Magistrate Judge's Report (Doc. 17) in its entirety. Accordingly, it is **ORDERED** that:

1. Respondent's motion to dismiss (Doc. 13) is **GRANTED**, and that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are not cognizable or are waived, and thus, are procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85

---

[3]The Magistrate Judge issued an Order, and not a report and recommendation, on the motion for transcripts and motion for appointment of counsel. (Doc. 18).

(2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

      3.    With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1916(a)(3) that an appeal of this Order adopting the Report would not be taken in "good faith," and therefore, **DENIES** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

      **IT IS SO ORDERED.**

                           s/ Michael R. Barrett
                           Michael R. Barrett, Judge
                           United States District Court

---

[4]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim in the defaulted grounds for relief. *See Slack*, 529 U.S. at 484.